UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**Civil Action Number:**

JESUS GONZALEZ

    Plaintiff,

vs.

AMFOODS FLORIDA, LLC
d/b/a Kentucky Fried Chicken at 3535 SW 22 Street, and
CORAL WAY ASSOCIATES, LLC

    Defendants.
_____/

**COMPLAINT FOR INJUNCTIVE RELIEF**

Plaintiff Jesus Gonzalez ("Plaintiff"), by and through his undersigned counsel, hereby sues Defendant AMFOODS Florida, LLC a/k/a Kentucky Fried Chicken doing business as Kentucky Fried Chicken at 3535 SW 22nd Street and Defendant Coral Way Associates, LLC for injunctive relief pursuant to 42 U.S.C. §§12181-12189 of the Americans with Disabilities Act ("ADA") and 28 C.F.R. Part 36 and alleges:

**JURISDICTION**

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§12181-12189. This Court is vested with original jurisdiction under 28 U.S.C. §1331.

2. Venue is proper in the Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred within the Southern District of Florida and the subject premises is located within the jurisdiction of this Court.

3. Defendants are authorized to conduct, and is conducting, business within the State of Florida and within the jurisdiction of this court.

**PARTIES**

4. Plaintiff Jesus Gonzalez is a resident of the state of Florida. Plaintiff suffers from what constitutes a "qualified disability" under the ADA as he is disabled with neuropathy and nerve damage due to radiation and utilizes a wheelchair for mobility. Plaintiff's disability is defined in 42 US Code §12102(1)(A), (2) and in 28 C.F.R. §36.105(b)(2) and 28 C.F.R. §36.105(2)(iii)(D).

5. Defendant AMFOODS Florida, LLC (also referenced as "Defendant Amfoods," "tenant," "operator," lessee" or "co-Defendant") is a is a Florida limited liability company and a franchise operator of the Kentucky Fried Chicken fast food restaurant located at 3535 SW 22 Street, Miami Florida 33145, which is the subject of this action.

6. Defendant Coral Way Associates, LLC (also referenced as "Defendant Coral Way," "Lessor," "Owner," or "co-Defendant") is the owner of Folio 01-4109-012-0023, which represents real property located at 3535 SW 22 Street, Miami Florida 33145 (referenced throughout as "3535 SW 22 Street"). Defendant Coral Way's real property is commercial property built-out as a fast-food restaurant.

**FACTS**

7. Defendant Coral Way leases its 3535 SW 22nd Street real property to co-Defendant Amfoods (the lessee). The lessee in turn operates its franchise Kentucky Fried Chicken restaurant within that leased space.

8. At all times material hereto, Defendant Amfoods has been leasing commercial space within Defendant Coral Way's real property and has been utilizing that commercial space for the operation of its franchised Kentucky Fried Chicken restaurant.

9. Defendant Amfoods' franchised Kentucky Fried Chicken restaurant serves food and drinks and is open to the general public and therefore is a place of public accommodation pursuant to 42 U.S.C. §12181(7)(B) as "[A] restaurant, bar, or other establishment serving food or drink." The Kentucky Fried Chicken restaurant which is the subject to this action is also referred to as "KFC (restaurant)," "restaurant," or "place of public accommodation."

10. Kentucky Fried Chicken brand restaurants represent the world's second-largest restaurant chain, second only to McDonalds restaurants. There are over 22,621 locations in 150 countries. The Kentucky Fried Chicken brand has been franchised since 1952 and at this time Kentucky Fried Chicken restaurants are franchised or owned by Kentucky Fried Chicken company, which in turn is owned by YUM! Brands, Inc. which is a publicly traded NASDAQ company.

11. As the franchisee operator of a Kentucky Fried Chicken fast food restaurant open to the public, Defendant is defined as a "Public Accommodation" within meaning of Title III because it is a private entity which owns and operates establishments serving food and drinks; 42 U.S.C. §12182, §12181(7)(B); 28 C.F.R. §36.104(2).

12. As the owner of real estate which is built out as a fast-food restaurant open to the general public, Defendant Coral Way is also defined as a "Public Accommodation" within meaning of Title III; 42 U.S.C. §12182, §12181(7)(B); 28 C.F.R. §36.104(2).

13. Due to the close proximity of the KFC restaurant to Plaintiff's home, on April 17, 2021 Plaintiff went to the restaurant with the intent of purchasing a chicken meal.

14. While Plaintiff was at Defendant Amfoods' KFC, he encountered many barriers to access and met multiple areas of inaccessibility due to the fact that he perambulates with the assistance of a wheelchair.

15. On arrival at the KFC, Plaintiff had difficulty exiting his vehicle as the designated accessible parking spaces are located on an excessive slope. Moreover, prior to purchasing his meal, Plaintiff went to the restroom where he encountered areas of inaccessibility within the restroom facilities.

16. While Plaintiff had purchased a meal at the KFC restaurant, Plaintiff left feeling excluded, humiliated and dejected.

17. Plaintiff has been denied full and equal access by the operator/lessee of the KFC restaurant (Defendant Amfoods) and by the owner/lessor of the commercial property which houses the restaurant (Defendant Coral Way).

18. On information and belief, as a franchise operator of a KFC restaurant, Defendant Amfoods is well aware of the need to provide equal access to individuals with disabilities. Defendant Amfoods' failure to reasonably accommodate individuals with disabilities at its franchised KFC restaurant is/was willful, malicious, and oppressive and in compete disregard for the Civil Rights of Plaintiff and in violation of 28 C.F.R. §36.302(c).

19. On information and belief, as an investor in commercial property, Defendant Coral Way is aware of the ADA and the need to provide for equal access within its 3535 SW 22nd Street commercial property. Therefore, Defendant Coral Way's failure to reasonably accommodate individuals with disabilities is/was willful, malicious, and

oppressive and in compete disregard for the Civil Rights of Plaintiff and in violation of 28 C.F.R. §36.302(c).

20. Based on the above delineated access impediments, Plaintiff has been denied full and equal access by the operator/lessee of that restaurant (Defendant Amfoods) and by the owner/lessor of the commercial property which houses the restaurant (Defendant Coral Way).

21. As a result of the joint and several discrimination by Defendants, Plaintiff has suffered loss of dignity, mental anguish and other tangible injuries and has suffered an injury-in-fact.

22. Plaintiff is and has been a customer of Kentucky Fried Chicken restaurants and continues to desire to return to Defendant Amfoods' KFC restaurant to purchase food, but Plaintiff continues to be injured in that he is concerned that he will again be humiliated, segregated, and discriminated against due to the architectural barriers and other barriers to access, all which are in violation of the ADA.

23. Any and all requisite notice has been provided.

24. Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from the Defendant pursuant to 42 U.S.C. §12205.

## COUNT I – VIOLATIONS OF TITLE III OF THE ADA

25. The ADA was enacted and effective as of July 26, 1990 and ADA legislation has been protecting disabled persons from discrimination due to disabilities since that time. Thirty years have passed since enactment of the ADA and there is no excuse for public

accommodations and places of public accommodation to have failed to comply with the legislation.

26. Congress explicitly stated that the purpose of the ADA was to:

(i)  provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;
(ii) provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,
(iii) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

27. Prior to the filing of this lawsuit, Plaintiff personally visited Defendant Amfoods' franchised KFC restaurant in order to purchase a meal; however, Plaintiff was denied adequate accommodation because, as a disabled individual who utilizes a wheelchair for mobility, he met barriers to access when exiting his vehicle and when utilizing the restroom. Therefore, Plaintiff has suffered an injury in fact.

28. Defendant Amfoods (lessee/operator of the KFC restaurant located at 3535 SW 22nd Street) and Defendant Coral Way (owner/lessor of the commercial property housing the KFC restaurant) have discriminated (and continue to discriminate) against Plaintiff by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations at the KFC restaurant, in derogation of 42 U.S.C. §12101 *et. seq.*, and as prohibited by 42 U.S.C. §12182 *et. seq.* by failing to barriers to access pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

29. Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, the accommodations and services offered at the subject KFC restaurant.

30. Defendants are jointly and singularly governed by the ADA and must be in compliance therewith. Defendants have jointly and severally discriminated against disabled patrons in derogation of 28 C.F.R. Part 36.

31. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.

32. The commercial space which is owned by Defendant Coral Way (owner/lessor) houses the subject KFC restaurant which is operated by Defendant Amfoods (tenant/lessee). This commercial space is in violation of 42 U.S.C. §12181 *et. seq.,* the ADA and 28 C.F.R. §36.302 *et. seq.,* and both the owner/lessor and the tenant/lessee are discriminating against the Plaintiff as a result of <u>inter alia</u>, the following specific violations:

   i. As to Defendant Amfoods (lessee/operator) and Defendant Coral Way (owner/lessor of the property) (jointly and severally), Plaintiff had difficulty exiting his vehicle, as some of the designated accessible parking spaces are located on an excessive slope (of over 2.1%). This is in violation of Section 4.6.3 of the ADAAG and Section 502.4 of the 2010 ADA Standards for Accessible Design.

ii. As to Defendant Amfoods (lessee/operator) and Defendant Coral Way (owner/lessor of the property) (jointly and severally), there are permanently designated interior spaces without proper signage. Specifically, signage in the bathroom. This is a violation of Sections 4.1.3(16) and 4.30 of the ADAAG and Sections 216.2 and 703 of the 2010 ADA Standards for Accessible Design.

iii. As to Defendant Amfoods (lessee/operator) and Defendant Coral Way (owner/lessor of the property) (jointly and severally), Plaintiff could not enter the accessible stall without assistance, as the water closet is in front of the door. This is a violation, as the accessible toilet compartment (stall) door is not located in partition or side wall farthest from water closet, see Section 4.17.5 of the ADAAG and Section 604.8.1.2 of the 2010 ADA Standards for Accessible Design.

iv. As to Defendant Amfoods (lessee/operator) and Defendant Coral Way (owner/lessor of the property) (jointly and severally), Plaintiff could not transfer to the toilet without assistance, as the required clear floor space was not provided due to an encroaching item (which was the trash/rubbish bin). The violation is that the trash/rubbish bin is encroaching over the accessible water closet clear floor space, in violation of Section 4.16.2 of the ADAAG and Sections 604.3.1 of the 2010 ADA Standards for Accessible Design.

v. As to Defendant Amfoods (lessee/operator) and Defendant Coral Way (owner/lessor of the property) (jointly and severally), Plaintiff could not transfer to the toilet without assistance, as the side wall grab bar is not mounted at the required location from the back wall. This is a violation of 28 C.F.R. Part 36, and Section 4.16.4 and

        Figure 29 of the ADAAG and Sections 604.5 of the 2010 ADA Standards for Accessible Design.

  vi.  As to Defendant Amfoods (lessee/operator) and Defendant Coral Way (owner/lessor of the property) (jointly and severally), Plaintiff could not use the mirror outside the bathroom toilet compartment, as it is mounted too high, which is in violation of the requirements in Section 4.19.6 of the ADAAG, 28 C.F.R. Part 36, Section 213.3.5 and Section 603.3 of the 2010 ADA Standards for Accessible Design.

  vii.  As to Defendant Amfoods (lessee/operator) and Defendant Coral Way (owner/lessor of the property) (jointly and severally), Plaintiff could not use the mirror inside the bathroom toilet compartment, as it is mounted too high, which is in violation of the requirements in Section 4.19.6 of the ADAAG, 28 C.F.R. Part 36, Section 213.3.5 and Section 603.3 of the 2010 ADA Standards for Accessible Design.

  viii.  As to Defendant Amfoods (lessee/operator) and Defendant Coral Way (owner/lessor of the property) (jointly and severally), failure to fully wrap and maintain the lavatory pipes and water supply lines in the lavatory inside the bathroom toilet compartment such that Plaintiff was exposed to a cutting/burning hazard, which is in violation of Section 4.19.4 of the ADAAG and Section 606.5 of the 2010 ADA Standards for Accessible Design.

33.    More access barrier violations may be present, which will be determined and proven through the discovery process.

34.    Pursuant to 42 U.S.C. §12101et seq., and 28 C.F.R. §36.304, the Defendants are required to make the KFC restaurant commercial space located at 3535 SW 22nd Street

accessible to persons with disabilities since January 28, 1992. Defendants have jointly and severally failed to comply with this mandate.

35.     Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an order to alter the commercial property and the restaurant therein such that it is made readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA.

**WHEREFORE,** Plaintiff Jesus Gonzalez hereby demands judgment against the property lessor Defendant Coral Way Associates, LLC (owner of the commercial property housing the franchised KFC restaurant located at 3535 SW 22nd Street) and Defendant AMFOODS Florida, LLC (the lessee and operator of subject KFC restaurant) and requests the following relief:

a)   The Court declare that Defendants have violated the ADA;

b)   The Court enter an Order directing Defendants to evaluate and neutralize their policies, practices and procedures toward persons with disabilities,

c)   The Court enter an Order requiring Defendants to alter the commercial property and the KFC restaurant located at 3535 SW 22nd Street such that all areas are accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

d)   The Court award reasonable costs and attorneys fees; and

e)   The Court award any and all other relief that may be necessary and appropriate.

Dated this 11th day of May, 2021.

Respectfully submitted,

*/s/ J. Courtney Cunningham*
J. Courtney Cunningham, Esq.
J. COURTNEY CUNNINGHAM, PLLC
FBN: 628166
8950 SW 74th Court, Suite 2201
Miami, Florida 33156
Telephone:  305-351-2014
Email: cc@cunninghampllc.com
*Counsel for Plaintiff*